IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREL M. ADAMS,<br><br>              Plaintiff,<br><br>     v.<br><br>FEDEX CORPORATION, a Delaware corporation; FEDEX EXPRESS, a Delaware Corporation; JAMES FREESE, an individual; EVERETT REY, an individual; ROBIN VAN GALDER, an individual; And DOES 1 through 20, inclusive,<br><br>              Defendants. | No. C 05-3469 MJJ<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT** |

## INTRODUCTION

Pending before the Court is plaintiff Darrel M. Adams'("Plaintiff") Motion to Remand Action to State Court.[1] The motion is opposed by defendants Federal Express Corporation ("FedEx"), James Freese, Everett Rey, Robin Van Galder and unnamed defendants ("Defendants"). For the following reasons, the Court **GRANTS** Plaintiff's motion.

## FACTUAL BACKGROUND[2]

On June 7, 2005, Plaintiff filed his complaint in the State Superior Court for Alameda County.

---

[1] *Plaintiff's Motion to Remand to State Court*, Docket No. 11.

[2] Unless otherwise specified, these facts come from Plaintiff's state court complaint ("Complaint"), which is attached as Exhibit A to Plaintiff's Motion to Remand. December 7, 2005

Plaintiff's complaint asserted claims under the California Fair Employment and Housing Act ("FEHA") for alleged conduct occurring during Plaintiff's employment with FedEx as a ramp transport driver, courier, and handler from November 1988 to June 11, 2004. Plaintiff asserted causes of action against FedEx for race discrimination, harassment, retaliation, wrongful termination in violation of public policy, intentional infliction of emotional distress, and failure to maintain an environment free of harassment. Plaintiff also asserted causes of action against his former individual supervisors James Freese, Everett Rey, and Robin Van Galder for harassment, retaliation, intentional infliction of emotional distress, and failure to maintain an environment free of harassment. At the time of Plaintiff's state court complaint, Mr. Freese was Operations Manager at FedEx's Oakland hub where Plaintiff worked, Mr. Van Galder was Managing Director at the Oakland hub, and Mr. Rey was Senior Manager at the Oakland hub.

Plaintiff, who is African-American, maintains that FedEx in general, and the three individual Defendants in particular, have engaged in the practice of reprimanding or disciplining minority employees including Plaintiff in order to provide a pretext for wrongful race-based terminations. Additionally, Plaintiff alleges that Defendants created a racially-hostile work environment designed to intimidate Plaintiff and other minority employees from complaining about the discriminatory practices, and that Defendants have retaliated against minority employees when they do complain. Finally, Plaintiff alleges that Defendants Mr. Freese, Mr. Rey, and Mr. Van Gaulder, individually and in concert, engaged in a relentless pattern and practice of harassment and intimidation of Plaintiff and other minority employees.

Plaintiff's version of the specific facts underlying his state court claim are as follows. On July 19, 2003, he was arrested in Dublin, California for a non-job related incident. He informed his direct manager, Mr. Pernell Evans, as well as Mr. Freese, who at the time was Plaintiff's senior manager. Plaintiff resolved the arrest incident in October 2003 by pleading "no contest."

At some point subsequently Mr. Evans filed a separate discrimination lawsuit against FedEx. Plaintiff alleges that on May 25, 2004, Mr. Rey, Plaintiff's superior, threatened and coerced Plaintiff into writing a false and misleading statement indicating that Plaintiff had only informed his direct supervisor, Mr. Evans, about the arrest, and not Mr. Freese.  Plaintiff believed that the managers had a plan to paint Mr. Evans as an incompetent manager in Mr. Evan's suit and therefore felt uncomfortable signing the statement and refused to do so.  The same day, Mr. Freese placed Plaintiff on paid suspension pending an investigation of a possible violation of the company's Acceptable Conduct Policy 2-5.  On June 11, 2004, Plaintiff was terminated for his October 2003 "no contest" plea.  Plaintiff received a termination letter from Mr. Freese indicating that FedEx considered his arrest and subsequent plea as "job-related conduct" for purposes of Acceptable Conduct Policy 2-5 and indicating that Plaintiff failed to notify management of his arrest as required by FedEx policy.

Plaintiff filed a complaint with the California Department of Fair Employment and Housing in June 2004 and received a right-to-sue notice.  Concurrently, Plaintiff followed internal grievance procedures at FedEx.

After Plaintiff filed his FEHA suit in state court, Defendants filed their Notice of Removal to Federal Court in the Northern District of California on August 26, 2005.  Defendants basis for removal to the Court was diversity jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a).  Federal Express Corporation, also known as FedEx Express, is a Delaware Corporation with its principal place of business in Tennessee. (Notice of Removal at ¶ 8.)  Plaintiff is a California resident and Mr. Freese, Mr. Van Galder and Mr. Rey are all California residents (the "California Defendants"). (Motion to Remand at 3.)  The case was removed to the U.S. District Court for the Northern District of California.

On September 6, 2005, Plaintiff filed the instant Motion to Remand Action to State Court.

**LEGAL STANDARD**

A party can remove a case to federal court only if the case could have been brought in federal

3

court originally. 28 U.S.C. § 1441(a). Federal diversity jurisdiction requires both complete diversity of the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). If at any time the court determines that it is without subject matter jurisdiction, the action shall be remanded to state court. 28 U.S.C.A. § 1447(c).

The party seeking removal bears the burden of showing the propriety of removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). There is a strong presumption against the assumption of removal jurisdiction by federal courts. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992). Accordingly, federal jurisdiction must be rejected if there is any doubt as to the right of removal. *Id.*

## ANALYSIS

### A.     Fraudulent Joinder

A case falls within a federal district court's diversity jurisdiction "only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Defendants acknowledge that the individual defendants are California residents, but contend that the individual defendants are fraudulently joined and should therefore be disregarded for the purposes of diversity jurisdiction.

If the plaintiff "fails to state a cause of action against a resident defendant and the failure is obvious according to the well-settled rules of the state," the joinder is fraudulent and the district court may ignore the defendant's presence in the lawsuit for the purposes of determining diversity. *United Computer Systems, Inc. v.  AT&T Corp.,* 298 F.3d 756, 762 (9th Cir. 2002). Fraudulent joinder is a term of art, and does not imply actual improper conduct on the part of either party. *McCabe v. General Foods Corp*., 811 F.2d 1336, 1339 (9th Cir. 1987).

In this district, a court determining whether joinder was fraudulent must examine whether

there is any possibility that the plaintiff will be able to establish a cause of action against the party in question. *Bellecci v. GTE Sprint Communs. Corp.*, 2003 U.S. Dist. LEXIS 640, 9-10 (N.D. Cal. 2003). There is a strong presumption against a finding of fraudulent joinder, and the removing defendant bears a heavy burden of persuasion to justify such a finding. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193, 1195 (9th Cir. 1988). A defendant will be deemed to be fraudulently joined only if "after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Id.* (quoting *Soo v. UPS,* 73 F. Supp. 2d 1126, 1128 (N.D. Cal. 1999)). "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is any possibility that they may do so." *Cont'l Ins. Co.,* 2002 U.S. Dist. LEXIS 20523. (N.D. Cal. 2002). In determining whether a non-diverse defendant has been improperly joined, federal courts in the Ninth Circuit may look beyond the pleadings and examine the factual record. *McCabe*, 811 F.2d at 1339.

Defendants argue that Plaintiff's claims against the California Defendants are subject to dismissal as a matter of law and that there is no possibility of recovery against the California defendants. Therefore, Defendants maintain, the California Defendants have been fraudulently joined. Plaintiff contends that there is no fraudulent joinder because he has alleged sufficient facts to establish at least one of his claims for retaliation, harassment, intentional infliction of emotional distress, and failure to maintain an environment free of harassment against the California Defendants. Defendants bear the heavy burden of demonstrating that Plaintiff can maintain none of these five claims against the California Defendants.

    **a.**    **Retaliation**

Defendants argue that Plaintiff has not properly plead a cause of action for retaliation.

5

Defendants contend that Plaintiff has alleged no facts indicating that he engaged in a potentially protected activity or that the individual Defendants engaged in any adverse employment actions as required by FEHA. The Court does not agree.

In his Complaint, Plaintiff alleges that the California Defendants engaged in retaliatory conduct in response to Plaintiff's opposition to certain practices alleged to be unlawful under FEHA. (Complaint at ¶ 39.) Specifically, Plaintiff alleges that Freese and Rey retaliated against Plaintiff by "baselessly suspending him" and then terminating him after he refused to fraudulently modify his statement to implicate Mr. Evans as the sole person who received notice of [Plaintiff's] arrest." (Complaint at ¶ 41 and ¶ 42.)

FEHA makes it unlawful for "any employer . . . or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." Cal. Gov. Code § 12940(h). Individual supervisors may be held liable under this anti-retaliation provision.[3] *Winarto v. Toshiba America Electronics Components*, 274 F. 3d 1276, 1288 (9th Cir. 2001), *Page v. Superior Court*, 31 Cal. App. 4th 1206, 1210-1214 (1995); *Walrath v. Sprinkel,* 99 Cal. App. 4th 1237, 1241-42 (2002).

---

[3]Defendant maintains the view that there is no personal liability for retaliation because retaliation is conduct that is considered a "personnel management action." Defendant explains that pursuant to *Reno v. Baird*, 18 Cal. 4th 640 (1998), supervisors cannot be held liable for such actions. Defendant proffers this same argument in attempt to show that Plaintiff cannot state a claim for harassment because similarly, the alleged "harassing" conduct consists solely of personnel management actions. Defendants' reliance on *Reno* is misplaced. In *Reno*, the California Supreme Court held that employees cannot sue their individual supervisors under FEHA's discrimination provisions because this would "severely impair the existence of supervisory judgment." *Reno,* 18 Cal. 4th at 651– 663 (1998). However, the *Reno* court expressly limited its holding to the discrimination provisions and declined to express an opinion on the scope of individual liability under the harassment or retaliation provisions. *Id*. at 645 n.2. Thus, nowhere did the court hold that a plaintiff fails to state a claim for retaliation or harassment against an individual when he alleges conduct constituting "personnel management actions." Further, other courts have squarely held that retaliation and harassment claims can lie against individual supervisors. *See, e.g.*, *Winarto v. Toshiba America Electronics Components, Inc.* 274 F.3d 1276, 1288 (9th Cir. 2001); *Soo v. United Parcel Service, Inc*. 73 F.Supp.2d 1126, 1129 (N.D.Cal.,1999). Therefore, even if Defendant's view of the law is consistent with the reasoning in *Reno*, there is in fact no "settled law" supporting this view. Accordingly, Defendant's arguments regarding *Reno* do not persuade the Court that there is no possibility of recovery where a plaintiff asserts retaliation and harassment claims against an individual supervisor.

To establish a prima facie case of retaliation, a plaintiff in California must show that he engaged in a protected activity, that he was thereafter subjected to adverse employment action by his employer, and there was a causal link between the two. *Fisher v. San Pedro Peninsula Hospital*, 214 Cal. App. 3d 590, 614 (1989).

Contrary to Defendants' contention, Plaintiff does allege facts indicating that he engaged in activity potentially protected by FEHA. Plaintiff asserts that the allegations that (1) he refused to engage in a race discrimination cover-up and (2) was suspended and fired for doing so are sufficient to state a claim for retaliation. As discussed above, FEHA protects employees from retaliation because they "opposed a forbidden practice." Cal. Gov. Code § 12940(h). Plaintiff's opposition to the alleged plan to discriminate by refusing to modify his statements potentially satisfies this element. (*See* Complaint at ¶ 17, 18, 19, 40, and 41.) It is not obvious under well-settled California law that Plaintiff's allegation is deficient and Defendants, who bear the burden of persuasion on this Motion, cite no authority for the proposition that this particular conduct does not constitute protected activity.

Plaintiff also alleges facts indicating that he was subjected to an "adverse employment action" when he asserts that he was suspended and terminated by Defendants Freese and Rey. (*See* Complaint ¶ 20, 21, 40, and 41.) Finally, Plaintiff explicitly alleges that his suspension and termination was the direct result of his opposition to unlawful practices under FEHA. (*See* Complaint ¶ 39, 40, 41.)

Plaintiff has not "obviously failed" to state a FEHA retaliation claim against the California Defendants. The California Defendants are therefore not fraudulently joined.

### b. **Plaintiff's Remaining Claims**

Similarly, Defendants have not met their burden with respect to Plaintiff's remaining claims. Defendants papers neither demonstrate obvious deficiencies in Plaintiff's pleadings, nor do they cite

7

authority demonstrating the clear invalidity of Plaintiff's remaining claims.[4]  However, since the retaliation claim is dispositive with respect to the jurisdiction question, the Court need not address the remaining claims in detail.  Because the Court has found that Defendants are not fraudulently joined, they will not be disregarded for the purposes of determining diversity jurisdiction.  Without complete diversity, this Court lacks jurisdiction over this matter.

**B.     Attorney's Fees**

Plaintiff also submits that Defendants did not have a good faith basis for removing the matter and that the Court should award Plaintiff attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). The removal statute provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C.A. § 1447(c).  A district court has broad discretion under this provision.  *See Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443, 447 (9th Cir. 1992)(award or denial of costs and fees pursuant to this section is reviewed for abuse of discretion).

The Court finds that the Defendants submitted colorable arguments and therefore had a good faith basis for removing the matter. A fee award is unwarranted.

/

/

**CONCLUSION**

In sum, the Court finds that the California Defendants are not fraudulently joined and consequently, there is no complete diversity in this case.   Therefore the Court has no jurisdiction over this matter.  Accordingly, Plaintiff's Motion to Remand Action to State Court is **GRANTED.**

---

[4] For example, Plaintiff points the Court to paragraphs 17, 19, 20, 21, 25, 26, 27,30, 34, 35, 39, 54 and 55 of the Complaint in support of his argument that he has plead sufficient facts to establish a claim for racial harassment against the California Defendants.  Defendants have not demonstrated to the Court that the allegations contained therein cannot, as a matter of law, support an action for harassment. Therefore, Defendants allegations of fraudulent joinder would fail with respect to the harassment claim as well.

United States District Court
For the Northern District of California

1  Plaintiff's request for attorney's fees is **DENIED.**  It is further **ORDERED** that the Clerk of Court

2  remand this matter to state court for further adjudication.

**IT IS SO ORDERED.**

Dated:    December 12, 2005

_____
MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE